FILED
 2019 Oct-29  AM 09:47
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ASHLEIGH STEED**   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| v.   ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **PLASMAN CORP, LLC;**   ) | |
| ) | |
| **Defendant.**   ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Ashleigh Steed, by and through undersigned counsel, and for her complaint against the Defendant states as follows:

### PRELIMINARY STATEMENT

This is an action for reinstatement, injunctive relief and damages caused by Defendant's violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615 et seq.

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.  The unlawful conduct described herein was committed in the State of Alabama in DeKalb County.  As such, venue is proper in this judicial

district pursuant to 28 U.S.C. §1391(b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Ashleigh Steed, is over the age of nineteen (19) years and is a resident of the city of Centre in Cherokee County, Alabama.

2. Plaintiff is a person entitled to protection pursuant to the provisions of 29 U.S.C. § 2611(2)(A) to be treated as an "employee" within the meaning of FMLA.

3. Defendant Plasman Corp, LLC ("Plasman") is a domestic limited liability company. Plasman does business and has at all pertinent times done business in this Judicial District. Plasman was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to the issues raised in this action.

## STATEMENT OF FACTS

4. Plaintiff began working for Plasman approximately one year ago at its facility located in Fort Payne, Alabama.

5. At all relevant times Plasman employed more than 50 people within 75 miles of its facility located in Fort Payne, Alabama.

6. Plaintiff worked more than 1250 hours in the 12 months preceding her need for FMLA leave due to her pregnancy. As such, she was

eligible to apply for FMLA.

7. In or about April 2019, after Plaintiff learned she was pregnant, she applied for and was granted intermittent FMLA leave by Plasman.

8. Plaintiff exercised that leave seven times between April 2019 and June 2019.  Each request for leave was approved.

9. Plaintiff was required to contact UNUM, the FMLA administrator retained by Plasman, and also was required to contact her supervisor and let them know when she would be using her intermittent FMLA leave.  This was the protocol and procedure required of Plaintiff.  This leave was then routinely approved without issue.

10. Immediately before the July 4 holiday, Plaintiff was contacted by Christy Watts, an employee of Plasman.  Plaintiff was terminated in June 2019 allegedly pursuant to Plasman's attendance policy for the stated reason that she had accumulated too many points for absences.

11. Since applying for and being granted intermittent FMLA leave in or around April 2019, Plaintiff's only absences from work were the instances that she was off on approved FMLA leave.

12. Plasman pretextually terminated the Plaintiff based on her alleged accrual of attendance points.

13. Plasman interfered with Plaintiff's FMLA rights when it terminated her employment and/or refused to allow her to continue to take FMLA leave as a result of her pregnancy.

14. Plasman pretextually terminated the Plaintiff as a direct result of exercising her rights provided under the FMLA.

## CAUSES OF ACTION

### COUNT ONE
### FMLA RETALIATION

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant intentionally and willfully retaliated against the Plaintiff when it terminated her after she exercised her rights under the FMLA.

17. The reasons given by Defendant for terminating Plaintiff's employment were pretextual.

18. As a result of Defendant's retaliation against the Plaintiff for exercising her rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

### COUNT TWO
### INTERFERENCE IN VIOLATION OF THE FMLA

19. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

20. With regard to the Plaintiff, Defendant interfered with, restrained, and/or denied the exercise of or attempted exercise of Plaintiff's FMLA rights.

21. Defendant counted Plaintiff's FMLA approved absences as attendance points against her apparently under a "no fault" attendance policy and as a result, wrongfully terminated Plaintiff and interfered with her FMLA rights.

22. As a result of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays for the following relief after the trial of this matter:

A. That this Court grant the Plaintiff a declaratory judgment that the practices complained of herein are in violation of the Family and Medical Leave Act of 1993;

B. That this Court enter an Order requiring Defendant Plasman to make Plaintiff whole by awarding her reinstatement to the position she

would have had, had she not been terminated;

C. award the Plaintiff back pay, loss of employment benefits;

D. award the Plaintiff front pay;

E. award prejudgment interest, if applicable;

F. award the Plaintiff compensatory and/or punitive damages;

G. award the Plaintiff liquidated damages as allowed under the FMLA;

H. award the Plaintiff her costs and expenses of litigation, including reasonable attorneys' fees.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Ashleigh Steed
3015 Co. Rd. 71
Centre, AL 35960


**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**Plasman Corp., LLC**
c/o Registered Agent
Warren C. Matthews
201 Monroe Street, Ste. 1950
Montgomery, AL 36104